UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| WELLS FARGO BANK, N.A., )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>KAREN D. SMITH, )<br>)<br>Defendant. ) | Civil No. 0: 16-18-HRW<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

On February 17, 2016, defendant Karen D. Smith, proceeding without counsel, removed this action from the Circuit Court of Greenup County, Kentucky. [D. E. No. 1] Shortly thereafter, the Court entered an Order noting both shortcomings in the procedure used to remove the case and substantive concerns regarding the propriety of removal, and directed that Smith should address those matters within fourteen days. [D. E. No. 4]

In response, Smith has filed three notices and two motions. [D. E. Nos. 5-9] Plaintiff Wells Fargo Bank has since appeared and filed a motion to remand the case on the grounds identified in the Court's prior Order. [D. E. Nos. 10, 11] Smith then filed a "Complaint" purporting to assert causes of action under the RICO statute and the Fair Debt Collection Practices Act, as well as an amended motion to transfer the state case file. [D. E. Nos. 13, 14]

1

For the reasons set forth more fully below, the Court will grant Smith's motion to proceed *in forma pauperis*, deny her original and amended motions to transfer the state case file to this Court, dismiss this action as improvidently removed, remand it to the Greenup Circuit Court, and certify that any appeal would not be taken in good faith.

First, Smith has filed a renewed motion to proceed *in forma pauperis*. [D. E. No. 9] Smith discloses $450 per month in income for herself, but provides no information for her spouse, marking it as "not applicable." But the form expressly directs that "If you are married, you **must** include amounts for both you and your spouse." *Id.* at p. 2. There is significant reason to question whether the omission was proper. The complaint filed by plaintiff Wells Fargo Bank named both Karen D. Smith and Kenneth D. Smith as defendants, joint debtors, and as residing at the same address. [D. E. No. 7-1 at p. 1] In a bankruptcy petition filed by the Smiths in June 2015, the two indicated that they were married, and that Kenneth Smith earned approximately $3,000 per month as a security officer for the Transportation Safety Administration at the Cincinnati airport. The bankruptcy court thus denied the debtors' motion to waive payment of the bankruptcy filing fee. The couple were subsequently granted a Chapter 7 discharge on October 22, 2015. *In re: Karen D. and Kenneth D. Smith*, No. 15:20858-TNW (E.D. Ky. 2015) [D. E. Nos. 1-1 at pp. 7-8; No. 15; No. 36 therein] If the couple is still married, Mr. Smith's

2

income would be sufficient to pay the filing fee, particularly in light of the couple's recent discharge of over $500,000 in unsecured nonpriority debt. Nonetheless, the Court will grant the motion to proceed *in forma pauperis* and waive payment of the filing fee.

Second, the Court previously directed Smith to cure two defects in the removal procedure when she did not file a copy of even part of the state court record, let alone the full record required by 28 U.S.C. § 1446(a). Smith responds that the state court record is one or two thousand pages in length, and she lacks sufficient funds to make a copy of it. She therefore requests that this Court order the Greenup Circuit Court to transfer the file here, or to compel by writ of mandamus the Clerk of this Court, Robert Carr, to obtain a copy of it. [D. E. Nos. 8, 14]

The Court must deny this motion, as federal law places the burden for providing a copy of the state court record squarely upon the removing defendant. § 1446(a). This Court has no authority to order the clerk of the Greenup Circuit Court to provide it with a copy of its records *gratis*. Nor is there any basis for mandamus relief against the Court's own clerk, who is a member of the judicial, rather than executive branch, and has no duty (let alone a ministerial one) to obtain the state court record on behalf of a removing defendant. *Trackwell v. U.S. Gov't*, 472 F. 3d 1242, 1245 (10th Cir. 2007) (citing *United States v. Hubbard*, 16 F.3d

694, 698 n. 4 (6th Cir. 1994)). Smith has therefore failed to satisfy the requirements of 28 U.S.C. § 1446(a).

Third, Smith has filed a copy of the complaint filed by plaintiff Wells Fargo Bank on June 16, 2014, which names both Karen D. Smith and Kenneth D. Smith as defendants to the state court action. As the Court has previously noted, 28 U.S.C. § 1446(b)(2) requires all defendants to the state court action to initially join in or subsequently consent to removal. Ms. Smith has made no effort to explain her failure to obtain her co-defendant's consent. It is fundamental that "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Farnsworth v. Nationstar Mortgage, LLC*, 569 F. App'x 421, 424 (6th Cir. 2014).

In addition, in her notice of removal Smith states that the parties were of diverse citizenship. But her "GROUNDS FOR REMOVAL" expressly indicates that she sought removal on the ground that "Plaintiff is a 'Debt Collector' as defined by FDCPA 15 U.S.C. 1692a" and "Defendant alleges Plaintiff violated Defendant's rights as defined by [various provisions] of the Fair Debt Collection Practices Act. ("FDCPA")." [D. E. No. 1 at p. 2]

As previously noted, Smith could not remove this case on diversity grounds because she is a resident of the forum state, 28 U.S.C. § 1441(b)(2), and because

4

she did not remove the case within one year after the state court complaint was filed on June 16, 2014, [D. E. No. 7-1 at p. 1] as required by 28 U.S.C. § 1446(c)(1).

Nor could she properly remove the case on federal question grounds. In her notice of removal, Smith alleged that her removal was timely because she filed it "within 30 days of receipt of the filing by the Plaintiff of a motion with the Circuit Court through which Defendant became aware of a federal issue that was unknown prior to the Plaintiff's filing." [D. E. No. 1 at p. 2] In an effort to demonstrate that her removal was timely, Smith provides copy of two documents which she suggests gave her notice of a claim under the FDCPA. [D. E. No. 6] The first is a December 11, 2015, letter from Wells Fargo's counsel providing Smith and the Clerk of the Greenup Circuit Court with a copy of the bankruptcy court's Notice of Termination of Automatic Stay [D. E. No. 6-1]; the second is a December 22, 2014, letter providing Smith and the Clerk with a motion requesting judgment and an order of sale [D. E. No. 6-2].

Neither letter makes any claims under or references to the FDCPA. Both do, however, state that "THIS COMMUNICATION IS FROM A DEBT COLLECTOR," a "mini-*Miranda*" warning made by debt collectors in an effort to comply with 15 U.S.C. § 1692(e)(11). If Smith contends that these are the letters which led her to believe that she had a viable FDCPA claim upon which to

predicate removal, they demonstrate that she did so far too late. The older letter is dated December 22, 2014, indicating that she waited nearly fourteen months after she first became aware of a possible FDCPA claim before she filed her notice of removal, well past the 30 days permitted by § 1446(b)(3).

But more fundamental than the untimeliness of her removal is that it is based upon her own affirmative defense or counterclaim, not a federal claim asserted by the plaintiff. Such claims do not provide a basis for removal. *Chase Manhattan Mtg. Corp. v. Smith*, 507 F. 3d 910, 914 (6th Cir. 2007); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12 (1983); *Wells Fargo Bank, N.A. v. Antony*, No. 13-62-WOB (E.D. Ky. Apr. 30, 2013). Having concluded that the removal of this action from the state court was procedurally flawed and substantively improper, the Court will remand this action to the Circuit Court of Greenup County.

Ordinarily, a party granted *pauper* status before the district court is automatically entitled to proceed as a *pauper* if an appeal is taken. Fed. R. App. P. 24(a)(3). However, that authorization does not apply if the district court certifies either before or after an appeal is taken that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3)(A).

The Court concludes that there are two reasons to issue such a certification in this case. First, apart from two statutory exceptions not applicable here, "[a]n

6

order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise…" 28 U.S.C. § 1447(d). The Sixth Circuit has held that in addition to the statutory exceptions, the bar to appellate review of the remand order does not apply where the district court initially possessed subject matter jurisdiction upon removal but determined remand was necessary because post-removal events deprived it of jurisdiction. Cf. *First Nat'l Bank of Pulaski v. Curry*, 301 F. 3d 456, 460 (6th Cir. 2002). Because that judicial exception does not apply here, no appeal is available to review the order of remand, and any attempt to invoke the Sixth Circuit's appellate jurisdiction would be frivolous or done for the improper purpose of creating further delay.

Second, even if appellate review were available, Smith has no plausible claim of error. When assessing whether an action is taken in good faith, the inquiry is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here, in addition to Smith's numerous failures to comply with the procedural requirements for removal, there is no plausible basis to assert a federal question as ground for removal when it is not asserted by the plaintiff. The Court will therefore certify that any appeal is not taken in good faith. As a result, should Smith file a notice of appeal, she will be required to prepay the $505.00 appellate filing fee.

Accordingly, **IT IS ORDERED** that:

7

1. Smith's renewed motion to proceed *in forma pauperis* [D. E. No. 9] is **GRANTED**. Payment of the filing and administrative fees is **WAIVED**.

2. Smith's original and amended "Motion[s] to Order Case File Transfer to Federal Court" [D. E. Nos. 8, 14] are **DENIED**.

3. This action is **REMANDED** to the Circuit Court of Greenup County, Kentucky as improvidently removed.

4. The Clerk of the Court shall mail a certified copy of this Memorandum Opinion and Order to the Clerk of the Circuit Court of Greenup County, Kentucky, referencing its case number 14-CI-00292.

5. Wells Fargo Bank's motion to remand [D. E. No. 11] is **DENIED AS MOOT**.

6. The Court **CERTIFIES** that any appeal would not be taken in good faith.

This 29th day of March, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge